**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**RODNEY MILLS,**

**Plaintiff,**

**V.**                                    **Civil Action No.: _____**

**CITY OF NORFOLK, VIRGINIA,**

**Defendant.**

## COMPLAINT

COMES NOW the plaintiff, Rodney Mills (hereinafter "Mills") and for his Complaint against City of Norfolk, Virginia (hereinafter "Norfolk"), states as follows:

### The Parties

1.  At all times relevant to this action, Mills was an individual and a resident of Chesapeake, Virginia and an employee of Norfolk.

2.  At all times relevant to this action, Norfolk was a municipal corporation employing more than 500 individuals in the Norfolk, Virginia area. At all times relevant to this action, Norfolk was an "employer" within the meaning of Title VII §701, 42 U.S.C. §2000e(b) in that Norfolk was a person engaging in an industry affecting commerce and had fifteen or more employees for each working day in each of the twenty or more calendar weeks during the years that it employed Mills or the preceding calendar year.

1

## Jurisdiction and Venue

3.    This case involves an action for racial discrimination in employment based upon race and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

4.    This Court has subject matter jurisdiction pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1343(4).

5.    Mills timely filed a charge of racial discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on December 20, 2019.

6.    On August 27, 2020, Mills received a Notice of Right to Sue letter from the EEOC.

7.    Mills has exhausted his administrative remedies prior to filing this action.

8.    Venue is proper in this Honorable Court as all acts giving rise to plaintiff's cause of action occurred within the Eastern District of Virginia in the Norfolk division.

## Facts

### Mills Employment With Norfolk

9.    Mills became employed by Norfolk's Department of Fire & Rescue ("Fire & Rescue") in August 1996.  Mills is currently a Captain at Fire & Rescue.  Mills is an African American and a member of a protected class within the meaning of Title VII of the Civil Right Act of 1964.

2

10.    On June 13, 2017, Mills was promoted to the position of Captain.

### Norfolk Fire & Rescue's History of Not Promoting African Americans Employees and Providing Accommodations to Caucasian Employees While Disallowing Accommodations to Similarly Situated African American Employees

11.    Since 1990, Fire & Rescue has never promoted an African American to the position of Fire Chief or Deputy Fire Chief.

12.    Since 1990, approximately 50 African Americans have applied for the position of Battalion Chief but only 5 have received the promotion.

13.    Since 1990, 14 African Americans have applied for the position of Assistant Fire Chief but only 2 have been promoted.

14.    As of December 20, 2010, out of 47 employees in Fire & Rescue, there are only two African American employees hold the position of Fire Captain—Mills was one of them.

15.    In 2014, Chief Jeffrey Wise of Norfolk Fire & Rescue made accommodations to several Caucasian employees, including Jack Patton, Cary Jones, George Van Houten and Walter Bernacki, allowing them to re-take examinations so that they could increase their scores and qualify to compete for promotions.

### Mills' Request to Apply for the Position of Fire Battalion Chief

16.    According to Fire & Rescue's official job description, to be eligible for the position of Fire Battalion Chief, the candidate must have 2 years experienced as a Fire Captain. Under the Civil Service Commission rules, a candidates' "years of service" is determined

relative to the date that the promotion eligibility list for the position becomes effective.

17.     The time interval between the announcement of the initiation of the promotion process and the date that the "Certified Eligible List" is finalized and approved is, on average, several months.  Thus, Caucasian candidates who have not yet reached their 2 year anniversary as Captain at the time that the application period closes but who will reach their 2 year anniversary prior to the finalization and approval of the Certified Eligible List have historically been granted waivers to compete for an open position.

18.     In December 2018, Mills learned that Fire & Rescue would be opening the competitive process in 2019 for a promotion to the open position to Battalion Chief but that he would not be permitted to apply for the position because the exam would be administered before Mills 2 years anniversary as a Fire Captain—which fell on June 13, 2019.   However, the Certified Eligible List would not become final until *after* Mills' 2 year anniversary as Captain.

### Mills' Request for A Waiver and Norfolk's Denial

19.     On December 26, 2018, Milles submitted a written request or "waiver" to Fire Chief Jeffrey Wise requesting permission to compete for the position of Fire Battalion Chief since Mills' 2 anniversary would fall before the Certified Eligible List was issued and before the competitive process would be finalized.

20. Chief Jeffrey Wise denied Mills' request for such a waiver. Had Chief Wise granted Mills' request for a waiver, Mills would have been the only African-American candidate for the open Battalion Chief position.

21. On January 1 2019, Fire & Rescue invited candidates to apply for the 2019 promotion process for the position of Battalion Chief.

22. After the January 15, 2019 announcement, Fire & Rescue made at least 2 retroactive accommodations to similarly situated Caucasian applicants in order to allow them to apply for the position of Battalion Chief. Without said waivers, those Caucasian applicants would have been disqualified from applying for the position of Battalion Chief.

23. On July 10, 2019, almost 1 month after Mills' 2 year anniversary as a Fire Captain, Fire & Rescue finalized the Certified Eligible List of 14 applicants, all of whom were Caucasian.

24. On November 8, 2019, Fire & Rescue promoted a Caucasian applicant to the position of Battalion Chief.

<u>**Count I**</u>        <u>**(Title VII—Racial Discrimination)**</u>

25. Paragraphs 1 through 24 of the Complaint are hereby fully incorporated by reference as if fully re-alleged herein.

26. Norfolk routinely treated its African American employees less favorably than similarly situated Caucasian employees.

27.   Norfolk, through its supervisors, including but not limited to Chief Jeffrey Wise, discriminated against Mills by refusing to allow Mills' reasonable request for an accommodation of allowing him a waiver to allow him to even apply for the open position of Battalion Chief when Wise and Norfolk made accommodations to similarly situated Caucasian employees so that those employees were able to apply for the position.

28.   At all times that Mills was subjected to the foregoing adverse employment actions, Mills performed his job duties at a level that reasonably met or exceeded Norfolk's legitimate expectations.

29.   Norfolk's decision not to allow Mills a reasonable accommodation so that he would apply for the position of Battalion Chief was based upon his race, African American, in violation of Title VII of the Civil Rights Act of 1964.

30.   As a direct and proximate result of Norfolk's actions, Mills was subjected to adverse employment actions based upon his race.

31.   As a direct and proximate result of Norfolk's actions, Mills was denied the opportunity to apply for the open position of Battalion Chief and suffered damages including loss of earnings, denial of more favorable job conditions, pain and suffering and loss of enjoyment of life.

## Jury Demand

32.   Mills demands a trial by jury on all issues so triable in this action.

**Relief Sought**

WHEREFORE, Mills moves this Honorable Court to enter judgment in his favor against Norfolk and to award:

A.  All of Mills' lost salary and benefits from November 8, 2019 until entry of judgment in this action plus interest on such back pay;

B.  Damages for emotional pain and suffering, inconvenience and loss of enjoyment of life;

C.  An award of Mills' attorney's fees and costs incurred in this action as well as other costs incurred in this action.

Respectfully Submitted,

**RODNEY MILLS**

Of Counsel

W. Barry Montgomery, Esquire    (VSB#  43042)
KALBAUGH, PFUND & MESSERSMITH
*Counsel for Rodney Mills*
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
Tel:   (804) 320-6300
Fax:   (804) 320-6312
E-mail:  barry.montgomery@kpmlaw.com