IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| RODNEY MILLS, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>CITY OF NORFOLK, VIRGINIA, )<br>    Defendant. )<br>) | Civil Action No. 2:20CV521 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion to Dismiss. (ECF No. 6.) For the reasons stated below, the Court will grant the Motion.

**I. FACTUAL HISTORY**

Taking as true the facts alleged in the Complaint, the Court will recount the relevant background facts surrounding the claim of Plaintiff, Rodney Mills ("Plaintiff"), against Defendant, the City of Norfolk, Virginia ("Defendant"). Mills is an African-American Captain of Norfolk's Department of Fire & Rescue ("Fire & Rescue"). (Compl., ECF No. 1 ¶ 9.) Fire & Rescue's "official job description" states that to be eligible for the position of Fire Battalion Chief, a candidate must have two years of experience as a Fire Captain. (*Id.* ¶ 16.) Candidates that meet the two-year requirement are placed on a "Certified Eligible List," and the person that is promoted is chosen from that list. The Norfolk Civil Service Commission rules determine one's years of service "relative to the date that the promotion eligibility list for the position becomes effective." (*Id.*) There is an average of "several months" between the announcement of the initiation of the promotion process and the date of the approval and finalization of the "Certified Eligible List." (*Id.* ¶ 17.)

In December 2018, Plaintiff learned that the Fire & Rescue would open the process for promotion to the position of Battalion Chief in 2019. (*Id.* ¶ 18.) Plaintiff learned that "he would not be permitted to apply for the position because the exam would be administered before [his] 2 year anniversary as Fire Captain – which fell on June 13, 2019." (*Id.*) The Certified Eligible List, however, would not become final until after June 13, 2019. (*Id.*)

Previous Caucasian candidates who had not reached their two years of eligibility by the time the application period closed, but who would reach their two years prior to the finalization and approval of the Certified Eligible List, had "historically been granted waivers to compete for an open position." (*Id.* ¶ 17.) On December 26, 2018, Plaintiff submitted a written request for a "waiver" ("Waiver") to Fire Chief Jeffrey Wise, requesting permission to compete for the position of Fire Battalion Chief because he would reach the two-year mark before the Certified Eligible List was finalized. (*Id.* ¶ 19.) Chief Wise denied the waiver request. (*Id.* ¶ 20.)

On January 1, 2019, Fire & Rescue invited candidates to apply for the promotion process for the position of Battalion Chief. (*Id.* ¶ 21.) Fire & Rescue "made at least 2 retroactive accommodations to similarly situated Caucasian applicants in order to allow them to apply for the position of Battalion Chief." (*Id.* ¶ 22.) On July 10, 2019, Fire & Rescue finalized the Certified Eligible List of 14 applicants. (*Id.* ¶ 23.) A Caucasian applicant was promoted to Battalion Chief on November 8, 2019. (*Id.* ¶ 24.)

Plaintiff filed a charge of racial discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on December 20, 2019. (*Id.* ¶ 5.) He received a Notice of Right to sue letter from the EEOC on August 27, 2020. (*Id.* ¶ 6.)

## II. PROCEDURAL HISTORY

On October 19, 2020, Plaintiff filed a complaint alleging one count of racial discrimination under Title VII of the Civil Rights Act of 1964 against Defendant. (Compl.) Plaintiff claims that

Norfolk "routinely treated its African American employees less favorably than similarly situated Caucasian employees." (*Id.* ¶ 26.)  Additionally, Plaintiff alleges that Norfolk discriminated against him by not granting him the Waiver to apply for the Battalion Chief position when it granted a waiver to other similarly situated Caucasian employees, even though Plaintiff "performed his job duties at a level that reasonably met or exceeded Norfolk's legitimate expectations." (*Id.* ¶¶ 27-28.)  Plaintiff argues that the decision to deny him the Waiver was based upon his race in violation of Title VII of the Civil Rights Act of 1964. (*Id.* ¶ 29.)  The adverse employment action by Fire & Rescue caused him to suffer damages including "loss of earnings, denial of more favorable job conditions, pain and suffering[,] and loss of enjoyment of life." (*Id.* ¶ 31.)

Defendant responded to the Complaint with Motion to Dismiss on November 25, 2020. (ECF No. 6.)  Plaintiff filed his Memorandum in Opposition on December 8, 2020. (ECF No. 8.)  Defendant filed its Reply on December 14, 2020, at which time the Motion to Dismiss was ripe. (ECF No. 9.)

### III. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  Dismissals under Rule 12(b)(6) are generally disfavored by the courts because of their res judicata effect. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991).  The Federal Rules of Civil Procedure only require that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While the

3

complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* In considering a motion to dismiss, a plaintiff's well-pleaded allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); see also *Martin*, 980 F.2d at 952.

## IV. DISCUSSION

Defendant's Motion to Dismiss (ECF No. 6) contends that more than 300 days passed between the allegedly discriminatory employment decision and the filing of Plaintiff's EEOC Charge of Discrimination on December 20, 2019. Defendant asserts that this exceeds Title VII's statutory time limit, and therefore Plaintiff's claim is forever barred. Plaintiff disagrees.

**A. The Requirement to Timely File a Charge of Discrimination with the EEOC and Its Analysis Under Rule 12(b)(6)**

"An employee challenging an employment practice of an employer in Virginia has 300 days from the last date of alleged discrimination to file a charge with the EEOC," and "[i]f the statutory time period elapses between the allegedly discriminatory incident and the filing of the EEOC charge, the litigant is forever barred from Title VII relief." *Edwards v. Murphy-Brown, L.L.C.*, 760 F. Supp. 2d 607, 619 (E.D. Va. 2011) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002)). "The limitations periods [of Title VII], while guaranteeing the protection of the civil rights laws to those who promptly assert their rights, also protect employers from the burden of defending claims arising from employment decisions that are long past." *Del. State Coll. v. Ricks*, 449 U.S. 250, 256–57 (1980).

The Supreme Court has held that Title VII's time limit for filing a charge with the EEOC is a "nonjurisdictional claim-processing rule[]" as opposed to a "jurisdictional" rule, meaning that the rule "seek[s] to promote the orderly progress of litigation by requiring that the parties take

certain procedural steps at certain specified times." *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1849 (2019) (citations omitted). "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). This rule, and other "nonjurisdictional" rules, can be "mandatory in the sense that a court must enforce the rule if a party properly raises it." *Fort Bend Cty.*, 139 S. Ct. at 1849 (citations omitted).

"A motion to dismiss for failure to *timely* exhaust administrative remedies must be considered under Rule 12(b)(6)." *Thweatt v. Brenann*, No. 3:18CV574-HEH, 2019 WL 459701, at *3 (E.D. Va. Feb 5, 2019) (citations omitted). "The requirement that a charge of discrimination be filed timely with the EEOC is a requirement that is similar to a statute of limitations defense in that it is an affirmative defense subject to waiver, estoppel, and equitable tolling. Therefore, a defendant may seek dismissal pursuant to Rule 12(b)(6) where it asserts that a plaintiff has failed to file a charge in a timely manner." *Edwards*, 760 F. Supp. 2d at 615 (citations omitted).

**B. The Denial of the Waiver Was the Adverse Employment Decision**

Plaintiff's Complaint claims that Defendant "discriminated against [Plaintiff] by refusing to allow [Defendant]'s reasonable request for an accommodation of allowing him a waiver to allow him to even apply for the open position of Battalion Chief." (Compl. ¶ 27.) Plaintiff also alleges that Defendant's "decision not to allow [Plaintiff] a reasonable accommodation so that he would apply for the position of Battalion Chief was based upon his race, African American, in violation of Title VII of the Civil Rights Act of 1964." (*Id.* ¶ 29.) In Plaintiff's Memorandum in Opposition to Motion to Dismiss, he calls the "denial of the accommodation request" the "adverse employment action at issue." (ECF No. 8 at 2.) Thus, the Court finds that the parties agree that the denial of

the Waiver to compete for the position of Fire Battalion Chief is the adverse employment decision at issue, but the Court must determine when that denial occurred.

Plaintiff argues that the denial occurred on July 10, 2019, when Fire & Rescue finalized the Certified Eligible List of applicants to the Battalion Chief position. (*Id.*) Plaintiff also contends that he "challenged" this denial on July 20, 2019, and then he was "denied" again in August of 2019. (*Id.* at 2, 4.) Defendant, on the other hand, contends that the denial occurred when Plaintiff was first informed that his request for the Waiver was denied by Chief Wise on January 3, 2019. (ECF No. 9 at 10.)

The Court finds that the adverse employment decision occurred when Plaintiff was first informed of the denial of the Waiver. "[T]he filing period runs from the time at which the employee is informed of the allegedly discriminatory employment decision, regardless of when the effects of that decision come to fruition." *Standard v. Hitt Contracting, Inc.*, E.D. Va. No. 1:16-CV-166, 2016 WL 1532239, at *2 (E.D. Va. Apr. 13, 2016) (citing *Price v. Litton Bus. Sys., Inc.*, 694 F.2d 963, 965 (4th Cir. 1982)). Additionally, according to the Supreme Court, the "pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations period." *Ricks*, 449 U.S. at 250. Furthermore, "it is the initial employment decision, and not any later affirmance of that decision, that constitutes the adverse employment action." *Muir v. Winston-Salem State Univ.*, No. 1:11-CV-282, 2012 WL 683359, at *5 (M.D.N.C. Mar. 2, 2012). "An employer's refusal to undo a decision it has already made is not a fresh act of discrimination that restarts the clock." *Id.* (citations omitted). Therefore, the Court finds that the adverse employment decision occurred when Plaintiff was first informed that his request for the Waiver was denied.

**C. The Timing of the Memorandum Denying the Waiver**

The Court must determine when Plaintiff was informed of the denial of the Waiver. Plaintiff did not state in his Complaint the date that Chief Jeffrey Wise denied his request for a Waiver. (*See* Compl. ¶ 20.) The Court, however, has alternative means of determining the date while still viewing the Complaint in the light most favorable to the Plaintiff.

### 1. The Ability of the Court to Consider Matters of Public Record in a Rule 12(b)(6) Motion

"[A] federal court may consider matters of public record such as documents from prior state court proceedings in conjunction with a Rule 12(b)(6) motion." *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). The Court can "take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment." *Brown v. Ocwen Loan Servicing*, LLC, Civ. No. PJM 14-3454, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015). Additionally, under Rule 201(c)(2) of the Federal Rules of Evidence, the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Under Rule 201(b)(2), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Furthermore, "even where a document is not incorporated [in the Complaint] by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 757 n.4 (W.D. Va. 2007). Additionally, on a motion to dismiss, "a court may consider documents . . . either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Id.* "The rationale underlying this . . . is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint.'" *Am.*

7

*Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).  In another decision in the Eastern District of Virginia, the Court applied this rule to consider a denial letter attached to a motion to dismiss under Rule 12(b)(6) to determine whether a plaintiff was barred by the statute of limitations. *See Dunn v. United States Dep't of Veterans Affairs*, No. 3:18CV699, 2020 WL 4720044, at *5 n.14 (E.D. Va. Aug. 13, 2020).

### 2. The Public Record Shows the Denial Occurred on January 3, 2019

Defendant attached to its Reply Brief in Support of Motion to Dismiss (ECF No. 9) Plaintiff's "Notice of Appeal Pursuant to Va. Code § 15.2-1507(9)" that Plaintiff filed in the Circuit Court of the City of Norfolk on September 9, 2019.  The Court has independently corroborated that this appeal was filed.  The Plaintiff appealed "the Norfolk City Manager's Determination that his Grievance . . . failed to present a grievable claim." (ECF No. 9-1 at 1.)  In this Notice of Appeal, Plaintiff referred to and attached as an exhibit a memorandum to him from Chief Wise that "denied [Plaintiff]'s request to compete for the Battalion Chief Position." (*Id.* at 5.)  The memorandum, from Fire Chief Jeffrey F. Wise to Captain Rodney Mills dated January 3, 2019, states, "I have received and considered your request to be eligible to compete in the 2019 promotional process, and I must respectfully deny your request. Those eligible to compete will need to have 2 years in their current position grade by the end of the NEOGOV registration/sign-up process." (*Id.* at 12.)  This undoubtedly is what Plaintiff referred to in his Complaint when he alleged that "Chief Jeffrey Wise denied [Plaintiff]'s request for such a waiver." (Compl. ¶ 20.) There is no possible reasonable dispute about the authenticity of this document, as Plaintiff submitted and relied upon it himself as an exhibit in his state court appeal.[1]

---

[1] It is of no import that this document was attached to Defendant's Reply rather than its Motion to Dismiss. *See Spencer v. Va. State Univ.*, No. 13CV331-HEH, 2016 WL 6902401, at *4 (E.D. Va. Nov. 23, 2016).

December 20, 2019, the date that Plaintiff filed his EEOC Charge of Discrimination, is 351 days after January 3, 2019, the date that Plaintiff was first informed of the denial of the Waiver. Therefore, Plaintiff did not comply with Title VII's requirement to file an EEOC Charge of Discrimination within 300 days after the allegedly discriminatory incident, and he is barred from Title VII relief for this claim.

## V. CONCLUSION

Even assuming as true the facts alleged in the Complaint and finding all reasonable inferences in favor of Plaintiff, the Court finds that Plaintiff's claim must be dismissed. Plaintiff was informed of the allegedly discriminatory employment decision on January 3, 2019, when Chief Wise sent him the memorandum stating that his request for the Waiver had been denied and that he was unable to compete for the promotion to Fire Battalion Chief. Plaintiff did not file his EEOC Charge of Discrimination until December 20, 2019, more than 300 days after being informed of the employment decision. The Plaintiff is, therefore, forever time barred from Title VII relief for this claim.

For the reasons detailed above, Defendant's Motion to Dismiss (ECF No. 6) will be granted.

An appropriate Order shall issue.

/s/ Roderick C. Young
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: December 22, 2020